UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD, et al,<br><br>Defendants. | Case No.: 18-CV-823-JLS (JLB)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANTS NUMBERS 76 AND 77**<br><br>(ECF No. 30) |

Plaintiff Talavera Hair Products, Inc. and Defendants Luxury Discount Warehouse (Defendant No. 76), now identified as Jason Miller, and MNMDISCOUNT1 (Defendant No. 77), also now identified as Jason Miller, have entered into a Consent Final Judgment. (ECF No. 30.) The Parties request this Court enter the Consent Judgment and Stipulated Permanent Injunction submitted concurrently herewith. The Court, having considered the Parties' Joint Motion, and good cause appearing, herby **GRANTS** the Joint Motion.

**IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED THAT**:

1. Defendants Numbers 76 and 77, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them are hereby permanently restrained:

a. from making, manufacturing or causing to be manufactured, importing, using, advertising or promoting, distributing, selling or offering to sell split end hair trimmer products (including split end hair trimmer products marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON") that infringe:

    (i) Patent No. US 6,588,108 issued July 8, 2003 for HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR (the "108 Patent");

    (ii) Patent No. US 7,040,021 issued May 9, 2006 for HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR (the "021 Patent"); or

    (iii) Patent No. US 9,587,811 issued May 9, 2006 for HAIR TRIMMING DEVICE (the "811 Patent").

b. from reproducing, distributing or transferring any existing split end hair trimmer packaging marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON" or from infringing any of the exclusive rights in 17 U.S.C. §106 with respect to Plaintiff's copyrighted packaging or from using Plaintiff's distinctive trade dress packaging on Defendants' packaging.

c. from reproducing, distributing or transferring any existing split end hair trimmer manual marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON" or from infringing any of the exclusive rights in 17 U.S.C. §106 with respect to Plaintiff's copyrighted manual, including reproducing, creating derivative works, displaying or distributing Plaintiff's manual;

d. from using Plaintiff's registered (*e.g.* "Split-Ender") trademark or unregistered source identifying names (*e.g.* TALAVERA) or short identifying short phrases (*e.g.* "SNIPS THE ENDS, NOT THE LENGTH"), including use

within website source code, on any webpage (including as the title of any web page), and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores;

e. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any split end hair trimmer products, packaging or manuals that infringe Plaintiff's patents, trademarks or copyrights; or (ii) any books or records relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any split end hair trimmer products, packaging or manuals that infringe Plaintiff's patents, trademarks or copyrights.

2. Violation of this permanent injunction shall expose Defendants Numbers 76 and 77, and all others properly bound by it, to all applicable penalties, including for contempt of Court and an award of attorney fees.

3. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

5. PayPal, Inc. ("PayPal") shall return the account of Defendants Numbers 76 and 77 back to an unrestrained status, if not already done, in accordance with PayPal's operating procedures and contract for services with Defendants Numbers 76 and 77.

**IT IS SO ORDERED.**

Dated: June 11, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge