UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC., <br><br>Plaintiff, <br><br>v. <br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD, et al, <br><br>Defendants. | Case No.: 18-CV-823-JLS (JLB) <br><br>**ORDER GRANTING IN PART PLAINTIFF'S EX PARTE MOTION** <br><br>(ECF No. 29) |

Presently before the Court is Plaintiff's Ex Parte Application Regarding Unknown and Unserved Defendants Nos. 50–74, ("Ex Parte App.," ECF No. 29). Plaintiff requests multiple orders from the Court: Orders (1) Permitting Plaintiff to serve third party discovery on Amazon regarding the identify of Defendants Nos. 50–74; (2) Permitting Plaintiff to file a notice to supplement the listings for Defendants Nos. 50–74 to add the Seller ID Name; (3) Clarifying that Plaintiff may serve Defendants Nos. 50–74 pursuant to the alternative service order; (4) Extending the TRO and Preliminary Injunction Dates.

/ / /

/ / /

I. **Discovery**

Plaintiff seeks leave to serve a subpoena on Amazon to obtain Seller ID and email information for Defendants Nos. 50–74. (Ex Parte App. 4.) Plaintiff seeks to serve twenty-five subpoena requests, as follows:

Request No. 1:
> For defendant 50 (listed on Exhibit 1 to the Complaint [Dkt. 1-3] and on Exhibit 1 to the TRO [Dkt. 10-1]), documents sufficient to show the following information with respect to ASIN B0071HVQ9ZG associated with that defendant:
> a. MERCHANT_LEGAL_NAME (for each seller of that ASIN);
> b. MERCHANT_FRIENDLY_NAME (for each seller of that ASIN);
> c. MERCHANT_EMAIL (for each seller of that ASIN).

(*Id.*) The requests will all be identical except for the Defendant number and associated ASIN. (*Id.*)

This Court previously ordered that Amazon shall, "at Plaintiff's request, provide Plaintiff's counsel with any e-mail address known to be associated with the Defendants' respective Seller IDs." ("TRO," ECF No. 10, at 9.) Plaintiff states Amazon informed Plaintiff there were no Seller IDs for these Defendants. (Ex Parte App. 6.) It appears that Amazon is the only party with the information necessary to identify the Defendants.

### A. *Legal Standard*

Discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f) unless authorized by court order. Fed R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Requests to conduct discovery prior to a Rule 26(f) conference are granted upon a showing of good cause by the moving party, which may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002). "A district court's decision to grant

discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts in the Ninth Circuit apply a three-factor test for determining whether good cause exists to allow for expedited discovery to identify Doe defendants. *See Columbia Ins.*, 185 F.R.D. at 578–80. "First, the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie v. Civiletti*, 629 F.2d 627, 642 (9th Cir. 1980)). Further, the plaintiff "should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.* at 580 (citing *Gillespie*, 629 F.2d at 642).

### *B. Analysis*

First, Plaintiff points to the fact that it has identified Defendants Nos. 50–74 previously in its Complaint. (Ex. Parte App. 6.) Plaintiff has previously alleged that all Defendants in this matter are subject to personal jurisdiction in this district because they direct their activities toward and conduct business with consumers with this state. ("Compl.," ECF No. 1, ¶ 6.) Plaintiff attests that Amazon "knows the Seller IDs and associated email addresses for the ASINs used by Defendants 50–74 because Amazon received infringement notices from Plaintiff regarding infringing products with the ASINs associated with Defendants 50–74." (Ex Parte App. 6.) The Court finds that Plaintiff has

met its burden of showing that Defendants Nos. 50–74 are entities that can be sued in this court.

Second, Plaintiff states it sent notices to Amazon identifying ASINs associated with Defendants Nos. 50–74 so Amazon could remove the infringing products, but Plaintiff "cannot find documents identifying the Seller IDs of the sellers that sold the infringing products associated with Defendants 50–74." (*Id.*) Plaintiff states Amazon "took the position that there were no Seller IDs listed for Defendants 50–74, so it had no obligation to provide Seller IDs and email addresses for Defendants 50–74." (*Id.*) Plaintiff states "Amazon appears willing to provide the Seller IDs and email addresses for Defendants 50–74 if required to do so by subpoena or court order." (*Id.*) The Court finds that Plaintiff has made a good faith effort to identify and serve process on Defendants. Plaintiff cannot, on its own, locate Defendant with any greater specificity than it already has.

Third, Plaintiff attests its suit could withstand a motion to dismiss. Indeed, this Court has already determined "Plaintiff has proven it has a likelihood of success on its infringement claims for its copyright, trademark, and patents." (TRO 7.)

Plaintiff's Application for discovery is **GRANTED** as follows:

1. Plaintiff may serve on Amazon subpoenas, pursuant to and compliant with the procedures of Federal Rule of Civil Procedure 45, seeking only the information set forth in Plaintiff's present application: a. MERCHANT_LEGAL_NAME (for each seller of that ASIN); b. MERCHANT_FRIENDLY_NAME (for each seller of that ASIN); and c. MERCHANT_EMAIL (for each seller of that ASIN);
2. Plaintiff's subpoenas to Amazon must provide a minimum of thirty (30) calendar days' notice before any production responsive to the subpoena shall be made to Plaintiff, *see* Fed. R. Civ. P. 34(b)(2)(A);
3. At the time Plaintiff serves its subpoenas on Amazon, Plaintiff shall also serve on Amazon a copy of this Order;
4. Within fourteen (14) calendar days after service of the subpoenas, Amazon shall notify each Defendant Nos. 50–74 that his, her, or its identify has been

4

subpoenaed by Plaintiff and shall provide the Defendant with a copy of this Order;

5. The Defendant shall have thirty (30) calendar days from the date of such notice to challenge Amazon's disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

6. If Amazon seeks to modify or quash the subpoenas, it shall do so as provided by Federal Rule of Civil Procedure 45(d)(3);

## II. Supplemental Notice

Plaintiff requests the Court order it to file separate notices linked to the Complaint and the Temporary Restraining Order that list the Defendants Nos. 50–74 and their respective Seller IDs. (Ex Parte App. 7.) The Court **GRANTS** the request. If and when Amazon supplies Plaintiff with the Seller IDs associated with Defendants Nos. 50–74, Plaintiff **SHALL** file notices with the Court that list these Defendants and their respective Seller IDs.

## III. Clarification Regarding Alternative Service

Plaintiff requests clarification that it is authorized to serve Defendants Nos. 50–74 pursuant to the Order Granting Motion Authorizing Alternative Service on Defendants. (Ex Parte App 7.) The Court has previously authorized alternate service of process on Defendants via email and website publication. (ECF No. 19.) This order applies to all Defendants provided that Plaintiff's attestations in its Motion for Alternative Service, (ECF No. 18), apply to Defendants Nos. 50–74 as well.

## IV. TRO and Preliminary Injunction Dates

Plaintiff requests the Court extend the TRO and continue the hearing and briefing schedule set for Plaintiff's Motion for Preliminary Injunction. The Court **EXTENDS** the TRO until further order of the Court. However, the Court finds it would be premature to set a hearing date for the Motion for Preliminary Injunction, given the time parameters for Plaintiff's discovery request set forth above. The Court **VACATES** the hearing for Plaintiff's Motion for Preliminary Injunction currently set for June 14, 2018 at 1:30 p.m.

5

18-CV-823-JLS (JLB)

Plaintiff **SHALL** inform the Court when and if it is able to serve Defendants Nos. 50–74. At that time, the Court will set a briefing and hearing schedule that allows these Defendants a fair opportunity to oppose the Motion.

**IT IS SO ORDERED.**

Dated: June 12, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge