UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD., a business entity; and THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT "1",<br><br>Defendants. | Case No.: 18-CV-823 JLS (JLB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, (2) DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND (3) TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TO DEFAULTING DEFENDANTS**<br><br>(ECF No. 75) |

Presently before the Court is Defendant Taizhou Yunsung Electrical Appliance Co., Ltd.'s ("Taizhou") Motion for Judgment on the Pleadings ("Mot.," ECF No. 75), as well as Plaintiff Talavera Hair Products, Inc.'s Response in Opposition to ("Opp'n," ECF No. 78) and Defendant's Reply in Support of ("Reply," ECF No. 79) the Motion. The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 80. Having carefully considered the pleadings, the materials that are the proper subject of judicial notice, the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Taizhou's request for judicial

notice and **DENIES** Defendant Taizhou's Motion. The Court further **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed as to the Defaulted Defendants for failure to move for default judgment pursuant to Civil Local Rule 55.1.[1]

## TAIZHOU'S MOTION FOR JUDGMENT ON THE PLEADINGS

**I.   Background[2]**

On October 17, 2016, Victor Carlos Talavera filed a civil action against Taizhou for infringement of Chinese Patent No. ZL02808380.6 (the "Chinese Patent") in the People's Republic of China, Intermediate People's Court of Taizhou City, Zhejiang Province (the "Chinese Action"). *See* ECF No. 1 ("Compl.") ¶ 20(a); *see also* Decl. of Tony T. Liu in Support of Mot. ("Liu Decl.," ECF No. 75-1) Ex. A, ECF No. 75-2. On December 27, 2016, the Chinese court confirmed a settlement agreement reached by Mr. Talavera and Taizhou in the Chinese Action (the "Chinese Agreement"), pursuant to which Taizhou agreed not to infringe Plaintiff's Chinese Patent. *See* Liu Decl. Ex. B, ECF No. 75-3; *see also* Liu Decl. Ex. D, ECF No. 75-5, ¶¶ 4–5; Liu Decl. Ex. E, ECF No. 75-6.

On April 30, 2018, Plaintiff filed a Complaint against Taizhou and several other entities for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.*; unfair competition pursuant the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement pursuant to 15 U.S.C. § 1114; and infringement of Plaintiff's Patents Nos. US 6,588,108, US 7,040,021,

---

[1] The "Defaulted Defendants" are those against whom Plaintiff secured an entry of default on February 21, 2019: allforyoushopper.usa, ANIMON, anothercloud, Aosend, AoStyle, AuPolus, Beisirui Hair Store, Cai ming zhil, Ciao Fashion, Enjoy&Life, Fosen Man, Georgy's Store, Hairsmile, JIN BISON, Judi Shop, Kosmasl, Lanmpu Creative, MKLOPED, Mokshee Mokshee/Donop, MyBeautyCC, NAMO SHOP/FF Health, NewPollar, Olungts US, Puck Du/SmartGo, PUTOS, SunNatural/SunNature, Turritopsis nutricula, Ukliss Beauty, Wsduos, Yara-Yarn, Noledo, nantongaotaiguoji Trading Co Ltd, Beskol, Chunhet, Funny Fala, Huixin Economic, NeSexy, Samantha Bowen, Vanylihair, YokEnjoy, BEAUTYDESIGN, S*SHOME. *See generally* ECF No. 65.

[2] On a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), as here, the Court may take into account the Parties' pleadings, any documents physically attached to those pleadings or incorporated by reference therein, and any documents properly subject to judicial notice. *See, e.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 772 (9th Cir. 2007).

and US 9,587,811 (the "'811 Patent") (together, the "U.S. Patents") pursuant to 35 U.S.C. § 271(a).[3] *See generally* Compl. After answering Plaintiff's Complaint on April 19, 2019, *see generally* ECF No. 66, Taizhou filed the instant Motion seeking dismissal of Plaintiff's fourth cause of action for patent infringement on the grounds that it is barred by the Chinese Agreement in the Chinese Action under the doctrine of claim preclusion. *See generally* Mot.

## II. Legal Standard

Any party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings attacks the legal sufficiency of the claims alleged in the complaint. *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). The Court must construe "all material allegations of the non-moving party as contained in the pleadings as true, and [construe] the pleadings in the light most favorable to the [non-moving] party." *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

## III. Analysis

Taizhou seeks dismissal of Plaintiff's fourth cause of action for infringement of the U.S. Patents on the grounds that it is barred by claim preclusion. *See generally* Mot.

/ / /

---

[3] All other Defendants have been dismissed or defaulted from this action, *see* ECF Nos. 24, 33, 36, 38, 40, 43–44, 46, 48, 51, 53, 59, 62, 64–65; consequently, Taizhou is the sole remaining Defendant. *See* Opp'n at 1 n.1.

### A. Incorporation by Reference and Judicial Notice

As an initial matter, Taizhou asks the Court to incorporate by reference or take judicial notice of several exhibits attached to the Liu Declaration:

1. Exhibit A, a notarized, English translation of the complaint filed in the Chinese Action (the "Chinese Complaint"), *see* Liu Decl. ¶ 2 & Ex. A;

2. Exhibit B, a notarized, English translation of the Chinese Agreement, *see* Liu Decl. ¶ 3 & Ex. B;

3. Exhibit C, a notarized, English translation of the Chinese Patent, *see* Liu Decl. ¶ 4 & Ex. C;

4. Exhibit D, a copy of the Declaration of Victor Talavera in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Talavera Decl."), previously filed in this action on May 3, 2018 as ECF No. 9-11, *see* Liu Decl. ¶ 5 & Ex. D; and

5. Exhibit E, a copy of Exhibit A to the Talavera Declaration, previously filed in this action on May 3, 2018 as ECF No. 9-12, *see* Liu Decl. ¶ 6 & Ex. E.

Taizhou appears to seek judicial notice and incorporation by reference of Exhibits A and B to the Liu Declaration and judicial notice of Exhibits C through E. *See* Mot. at 6–7.

#### 1. Incorporation by Reference

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2615 (2019). "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Id.* "Submitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint." *Id.* at 1003.

"Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* Although "a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6),'" *id.* (alteration in original) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)), "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

Taizhou "moves for judicial notice" of the Chinese Complaint and the Chinese Agreement "[p]ursuant to the doctrine of incorporation by reference." *See* Mot. at 6. Taizhou's request relies on the following sentence from Plaintiff's Complaint in this action: "In early 2016, Plaintiff filed an intellectual property complaint in China with respect to TAIZHOU's infringing acts of sale and offer for sale of infringing products." *See* Mot. at 6 (citing Compl. ¶ 20(a)). Plaintiff opposes Taizhou's request, noting that "the 2016 China Complaint . . . is certainly not 'central to' plaintiff's patent infringement claims" and "the 2016 Settlement Agreement . . . is not referenced in the complaint at all." Opp'n at 3. Taizhou replies that the Chinese Complaint "serves as the basis of Plaintiff's request for treble damages pursuant to 35 U.S.C. § 284" and, therefore, is "'central' to Plaintiff's patent infringement claim." Reply at 2.

To the extent Taizhou seeks incorporation by reference of Exhibit A and B to the Liu Declaration, the Court **DENIES** that request. Neither document is referred to "extensively"—if at all—in the Complaint, and neither can be said to serve as a "basis" for the patent infringement claim, particularly given that the basis of Taizhou's request is "merely [to] create[] a defense to the well-pled allegations in the complaint." *See Khoja*, 899 F.3d at 1002. Consequently, incorporation by reference of Exhibits A and B is inappropriate.

    2. *Judicial Notice*

"Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)).

"A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Id.* (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quoting *Lee*, 250 F.3d at 689).

Taizhou requests that the Court take judicial notice of Exhibits A through E to the Liu Declaration on the grounds that the Chinese Complaint, the Chinese Agreement, the Talavera Declaration, and Exhibit A to the Talavera Declaration are court records and that the Chinese Patent is a government document. *See* Mot. at 6–7 (citing Fed. R. Civ. P. 201(b)(2); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1522 (9th Cir. 1986); *United States v. Camp*, 723 F.2d 741, 744 n.** (9th Cir. 1984); *Geo Vector Corp. v. Samsung Elecs. Co.*, 234 F. Supp. 3d 1009, 1016 n.2 (N.D. Cal. 2017)). Plaintiff argues that judicial notice of the translated documents—Exhibits A, B, C, and E—is not appropriate because their content is subject to reasonable dispute given apparent differences between the translations of the Chinese Agreement submitted by each Party in Exhibits B and E. *See* Opp'n at 3–4. Taizhou responds that Plaintiff has failed to identify any material differences between the translations of the Chinese Agreement and, at any rate, Plaintiff should have no issues with the translation it previously submitted to the Court as Exhibit E. *See* Reply at 2–3.

The Court **GRANTS IN PART AND DENIES IN PART** Taizhou's request for judicial notice and takes judicial notice of the following facts:

1. Mr. Talavera and Plaintiff own the Chinese Patent, *see* Liu Decl. Ex. C; Liu Decl. Ex. D ¶ 3;

2. In October 2016, Mr. Talavera filed a complaint against Taizhou in China for infringement of the Chinese Patent, *see* Liu Decl. Ex. A; Liu Decl. Ex. D ¶ 4; and

3.      In December 2016, the Intermediate People's Court of Taizhou City, Zhejiang Province of the People's Republic of China entered an order confirming a settlement reached by Mr. Talavera and Taizhou in the Chinese Action, *see* Liu Decl. Ex. B; Liu Decl. Ex. D ¶ 4; Liu Decl. Ex. E, in which Taizhou agreed not to infringe the Chinese Patent, *see* Liu Decl. Ex. D ¶ 5.

*See, e.g.*, *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 ("We may take judicial notice of court filings and other matters of public record.") (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998));*Geo Vector*, 234 F. Supp. 3d at 1016 n.2 (taking judicial notice of Korean patent application); *Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, No. CV1408864MMMSHX, 2015 WL 12743879, at *3 (C.D. Cal. May 22, 2015) (taking judicial notice of the existence of a decision from an Italian court despite dispute concerning its translation). Taizhou's request for judicial notice is otherwise **DENIED**.

### B.     *Claim Preclusion*

Taizhou seeks dismissal of Plaintiff's fourth cause of action for infringement of the U.S. Patents as barred by the doctrine of claim preclusion. *See* Mot. at 9. The Parties agree that claim preclusion requires Taizhou to establish "(1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris*, 682 F.3d at 1132; *see also* Mot. at 10 (citing *Harris*, 682 F.3d at 1132); Opp'n at 6 (citing *Harris*, 682 F.3d at 1132). Although the Parties dispute whether Taizhou has established each of these three elements, the Court addresses only the first, which is dispositive here.

Taizhou argues that there is an identity of the claims between the Chinese Action and this action because the Chinese Patent and the U.S. Patents are "'essentially the same' for purposes of claim preclusion." Mot. at 16. Plaintiff opposes on several grounds: (1) "the two suits assert infringement of ***different*** patents," Opp'n at 7 (emphasis in original); (2) the "China court had no jurisdiction over unasserted U.S. patent infringement claims," *id.* at 8 (citing *ProShipLine Inc. v. Aspen Infrastructures, Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)); (3) patents are territorial, meaning that Plaintiff's only remedy for

Taizhou's infringement of the U.S. Patents is in this Court, *see id.* at 8–10; (4) the '811 Patent did not issue until after the Chinese Agreement, rendering claim preclusion as to that patent "impossible," *id.* at 10; and (5) the Chinese Agreement covers subsequent infringement related only to the Chinese Patent. *See id.* at 10–11. Taizhou rejoins that it "seeks only to enforce the terms of the parties' own settlement agreement that happens to concern a patent," which "does *not* implicate the territorial nature of patents," Reply at 8 (emphasis in original) (citing *LG Display Co. v. Obayashi Seikou Co.*, 919 F. Supp. 2d 17 (D.D.C. Jan. 28, 2013)), and "there can be no dispute as to the scope of the Chinese judgment since . . . the Chinese patent and the 108 patent . . . [are] virtually identical" and "the other American patents present only colorable changes from the 108 patent and should also be considered within the scope of the Settlement Agreement." *Id.* at 9.

The Court concludes that Taizhou has failed to establish privity of the claims between the Chinese Action and this action such that Plaintiff's causes of action for infringement of the U.S. Patents are barred by the doctrine of claim preclusion as a result of the Chinese Agreement. The Chinese Action and Agreement related solely to Taizhou's infringement of the *Chinese Patent*, *see* Liu Decl. Exs. A, B, D ¶¶ 4–5, E, whereas the instant action concerns Taizhou's alleged infringement of the *U.S. Patents*. *See generally* Compl. Consequently, despite any similarity of the claims between the Chinese Patent and the U.S. Patents and the allegedly infringing products in the Chinese Action and this action, the Court must conclude that there is no privity of claims between these actions. *See, e.g.*, *Abbey v. Mercedes Benz of N. Am., Inc.*, 138 F. App'x 304, 307 (Fed. Cir. 2005) ("[N]ormally when patents are not included in a suit, they are not before a court, and while preclusion may attach to certain issues, causes of action based on patents that are not included in a suit are ordinarily not captured, and therefore precluded, by judgments that pertain to other patents.") (footnote omitted); *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555–56 (Fed. Cir. 1996) ("Each patent asserted raises an independent and distinct cause of action. . . . [I]nfringement of one patent is not a ground of liability for infringement of a different patent."); *Kokusai Semiconductor Equip. Corp. v. ASM Int'l, N.V.*, No. 3:18-

8

CV-00323-AC, 2019 WL 1281290, at *7 (D. Or. Jan. 25) ("In evaluating a patent case involving claim preclusion, . . . [t]he court must also consider whether the *same patents* are involved in both suits.") (citing *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014)), *report and recommendation adopted*, 2019 WL 1281228 (D. Or. Mar. 20, 2019); *Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3157304, at *4 (N.D. Ill. July 26, 2011) ("[I]t is undisputed that the patents asserted by [the plaintiff] in the [prior] Actions are different than the ones it asserts in the [present] Actions. . . . [E]ach of the new patents asserted in the [present] Actions is an independent cause of action and consequently, the [present] Actions would not be barred by final judgment in the [prior] Actions."). In any event, Plaintiff is correct that patents are territorial, *see* Mot. at 8–10; accordingly, Plaintiff could not have pursued its claims under the U.S. Patents in the Chinese Action. *See, e.g.*, *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) ("[T]he right conferred by a patent under our law is confined to the United States and its territories.") (quoting *Dowagiac Mfg. Co. v. Minn. Moline Plow Co.*, 235 U.S. 641, 650 (1915)). The Court therefore **DENIES** Taizhou's Motion.

## ORDER TO SHOW CAUSE

On February 21, 2019, at the request of Plaintiff, *see* ECF No. 63, the Clerk entered default as to the Defaulting Defendants. *See* ECF No. 65; *see also supra* note 1. Pursuant to Civil Local Rule 55.1, Plaintiff was required to move for default judgment within thirty days, *i.e.*, on or before March 22, 2019. As of the date of this Order and nearly a year later, Plaintiff has failed to do so. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed as to the Defaulting Defendants for failure to move for default judgment pursuant to Civil Local Rule 55.1.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Taizhou's request for judicial notice, as detailed above, and **DENIES** Defendant Taizhou's Motion (ECF No. 75). The Court further **ORDERS** Plaintiff to **SHOW CAUSE** why this action should not be dismissed as to the Defaulting Defendants, *see supra* note 1,

for failure to move for default judgment pursuant to Civil Local Rule 55.1. Plaintiff **SHALL FILE** a response to this Order, a notice of voluntary dismissal, or a motion for default judgment within fourteen (14) days of the electronic docketing of this Order. Should Plaintiff file a notice of voluntary dismissal or a motion for default judgment, the Order to Show Cause shall be discharged without further Order of the Court.

**IT IS SO ORDERED.**

Dated: March 2, 2020

Hon. Janis L. Sammartino
United States District Judge