1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11 | TALAVERA HAIR PRODUCTS, INC., a
Nevada corporation,
12

13

v.

Plaintiff,

14

15 | TAIZHOU YUNSUNG ELECTRICAL
APPLIANCE CO., LTD., a business
16 | entity; and THE INDIVIDUALS,
PARTNERSHIPS, AND
17 | UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON EXHIBIT "1,"
18

19

Defendants.

20
21

Case No.: 18-CV-823 JLS (JLB)

**ORDER (1) DENYING WITHOUT
PREJUDICE PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT
AND/OR SUMMARY JUDGMENT
AGAINST DEFAULTED
DEFENDANTS AND REQUEST FOR
JUDICIAL NOTICE, AND
(2) DIRECTING PLAINTIFF TO
FILE A SUPPLEMENTAL BRIEF
CONCERNING PERSONAL
JURISDICTION**

(ECF No. 98)

22

Presently before the Court are Plaintiff Talavera Hair Products, Inc.'s Motion for

23 Default Judgment and/or Summary Judgment Against Defaulted Defendants[1] ("Mot.,"

24

25 [1] The "Defaulted Defendants" are those against whom Plaintiff secured an entry of default on February
26 21, 2019, minus those who have since been dismissed, namely: allforyoushopper.usa (3), ANIMON (4),
anothercloud (5), Aosend (6), AoStyle (7), AuPolus (8), Beisirui Hair Store (11), Cai ming zhil (12), Ciao
27 Fashion (14), Enjoy&Life (19), Fosen Man (20), Georgy's Store (22), Hairsmile (24), Judi Shop (26),
28 Kosmasl (27), Lanmpu Creative (31), MKLOPED (32), Mokshee Mokshee/Donop (34), MyBeautyCC
(35), NAMO SHOP/FF Health (36), NewPollar (37), Olungts US (39), Puck Du/SmartGo (40), PUTOS

1

ECF No. 98) and Request for Judicial Notice of Default Judgments and Permanent Injunctions Involving "Seller ID" Defendants Using Amazon and eBay ("RJN," ECF No. 100).  No Defaulting Defendant has filed a response to Plaintiff's Motion.  The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 101.  Having carefully considered the pleadings, Plaintiff's arguments, and the law, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion and supporting Request for Judicial Notice and **DIRECTS** Plaintiff to file a supplemental brief concerning this Court's personal jurisdiction over Defaulted Defendants.

## BACKGROUND

"Plaintiff sells a unique and revolutionary patented product under the federally registered trademark Split-Ender® that quickly and easily trims split ends from hair."  *See* ECF No. 1 ("Compl.") ¶ 13.  "Plaintiff owns copyrights, trademark rights, and patent rights regarding its Split-Ender® product."  *Id.* ¶ 16.  On April 30, 2018, Plaintiff filed the instant litigation against dozens of entities and individuals for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.*; unfair competition pursuant the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement pursuant to 15 U.S.C. § 1114; and infringement of Plaintiff's U.S. Patents Nos. 6,588,108, 7,040,021, and 9,587,811 (collectively, the "U.S. Patents") pursuant to 35 U.S.C. § 271(a).  *See generally* Compl.  Plaintiff alleges that Defendants "had full knowledge of Plaintiff's copyrights, trademark rights and/or patent rights," *id.* ¶ 20, but nonetheless "Defendants are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's Split-Ender® hair trimmers in interstate commerce that infringe Plaintiff's copyrights, trademark rights, and patent rights" on Amazon and/or eBay, *id.* ¶ 21; *see also id.* Ex. 1.

/ / /

---

(41), SunNatural/SunNature (44), Turritopsis nutricula (45), Ukliss Beauty (46), Wsduos (47), Yara-Yarn (48), Noledo (51), nantongaotaiguoji Trading Co Ltd (52), Beskol (53), Chunhet (54), Funny Fala (55), Huixin Economic (56), NeSexy (57), Samantha Bowen (58), Vanylihair (60), YokEnjoy (61), BEAUTYDESIGN (75), and S*SHOME (78).  *See generally* ECF No. 98.  The number in parentheses after each Defendant's name is the "Defendant Number."  *See id.*

On May 3, 2018, Plaintiff filed a motion for a temporary restraining order ("TRO"). *See* ECF No. 9. On May 10, 2018, the Court granted Plaintiff's motion. *See* ECF No. 10. The Court enjoined "[e]ach Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order" "from making, manufacturing, or causing to be manufactured, importing, using, advertising or promoting, distributing, selling or offering to sell split end hair trimmer products . . . that infringe" the U.S. Patents, *id.* at 9–10; "from infringing any of the exclusive rights in 17 U.S.C. §106 with respect to Plaintiff's copyrighted packaging or from using Plaintiff's distinctive trade dress packaging on Defendants' packaging," *id.* at 10; from infringing Plaintiff's copyrighted manual, *id.*; and "from infringing, counterfeiting, or diluting Plaintiff's registered Split-Ender® trademark," *id.* The TRO was extended and remains in place. *See* ECF No. 57 at 2.

On May 23, 2018, Plaintiff filed a motion requesting authorization for alternative service. *See* ECF No. 18. On May 24, 2018, the Court granted Plaintiff's motion, authorizing service by e-mail and website publication. *See generally* ECF No. 19. On May 31, 2018, Plaintiff filed a Proof of Service of Summons and Complaint on Defendants 1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 14, 15, 16, 19, 20, 21, 22, 24, 25, 26, 27, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 43, 44, 45, 46, 47, 48, 75, 76, 77, 78. *See* ECF No. 25. On September 27, 2018, Plaintiff filed a Proof of Service of Summons and Complaint on Seller ID Defendants 51, 52, 53, 54, 55, 56, 57, 58, 59, 60 and 61. *See* ECF No. 60. Subsequently, Plaintiff filed a Request for Clerk's Entry of Default, *see* ECF No. 63, as to the Defaulted Defendants, which the Clerk entered on February 21, 2019, *see* ECF No. 65.

On March 16, 2020, Plaintiff filed the present Motion.

## LEGAL STANDARD

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) (citing *Williams v. Life Sav. and Loan,* 802 F.2d 1200, 1203 (10th Cir. 1986)). "A judgment

entered without personal jurisdiction over the parties is void." *Id.* (citing *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1255–56 (9th Cir. 1980); *Veeck v. Commodity Enterprises, Inc.*, 487 F.2d 423, 426 (9th Cir. 1973)). "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id.*

"'It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant.'" *Donell v. Keppers*, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). "In considering whether to enter a default judgment, a court may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.* (citing quoting *In re Tuli,* 172 F.3d at 712). "A court, however, must provide to a plaintiff the opportunity to assert facts to establish that the exercise of personal jurisdiction over a nonresident defendant is proper before dismissing an action for lack of personal jurisdiction." *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 957 (N.D. Cal. 2012) (citing *In re Tuli*, 172 F.3d at 712).

## ANALYSIS

Plaintiff's allegations of personal jurisdiction in the Complaint are conclusory. Plaintiff alleges that "Defendants are subject to personal jurisdiction in this district" because they

> purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the State of California and this district, through at least the Internet based Amazon or eBay e-commerce stores accessible in California and operating under their Seller IDs.   [Defaulted Defendants] have purposefully directed some portion of their illegal activities toward consumers in the State of California through the advertisement, offer to sell, sale, and/or shipment of infringing goods into California.  Plaintiff's infringement claims arise out of those activities.

Compl. ¶ 6(a); *see also id.* ¶¶ 22–23 (containing similar allegations).  Plaintiff further alleges that the Defaulted Defendants "are individuals and/or business entities of unknown

4

makeup, each of whom, upon information and belief, either reside or operate in foreign jurisdictions." *Id.* ¶ 10. Plaintiff entirely fails to address the Court's personal jurisdiction over Defaulting Defendants in its Motion. *See generally* ECF No. 98.

The Court is unable to affirmatively find, on the facts presently before it, that it has personal jurisdiction over Defaulted Defendants. It appears, from the boilerplate allegations of the Complaint, that Plaintiff is asserting that this Court has specific jurisdiction over Defaulting Defendants. However, the Court has concerns as to whether Defaulted Defendants have purposefully directed their activities to the State of California or have purposefully availed themselves of the privilege of conducting activities in the State of California. *See, e.g.*, *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953, 957 (N.D. Cal. 2012) (finding lack of personal jurisdiction where foreign defendants' website did not directly target the forum); *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871 (N.D. Cal. 2012) (similar).

Accordingly, because Plaintiff has failed to meet its burden of establishing that this Court has personal jurisdiction over Defaulting Defendants, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion and supporting Request for Judicial Notice.

## CONCLUSION

In light of the foregoing, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion and supporting Request for Judicial Notice. Plaintiff **SHALL** file a supplemental brief, not to exceed <u>fifteen (15) pages</u> in length, <u>within thirty (30) days</u> of the date of the electronic docketing of this Order, detailing why the Court has personal jurisdiction over Defaulted Defendants. Plaintiff **MAY** refile a motion for default judgment concurrently with the supplemental brief. *Should Plaintiff elect not to file a supplemental brief and*

/ / /

/ / /

/ / /

/ / /

/ / /

*renew its motion for default judgment in accordance with this Order, the Court will dismiss this action without prejudice as to Defaulted Defendants.*

**IT IS SO ORDERED.**

Dated:  November 5, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

18-CV-823 JLS (JLB)