UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD, et al,<br><br>Defendants. | Case No.: 18-CV-823 JLS (JLB)<br><br>**ORDER GRANTING MOTION FOR ENTRY OF CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT NUMBER 36 – NAMO SHOP/FF HEALTH**<br><br>(ECF No. 116) |

Presently before the Court is Plaintiff Talavera Hair Products, Inc.'s Motion for Entry of Consent Final Judgment and Permanent Injunction as to Defendant Number 36 – Namo Shop/FF Health ("Mot.," ECF No. 116). Plaintiff represents that it and Defendant Namo Shop/FF Health, identified as Stuff From India LLC ("Defendant Number 36"), "have resolved all claims in connection with this matter" and agree to entry of the Consent Final Judgment and Permanent Injunction submitted concurrently with the Motion as Exhibit 1 (ECF No. 116-1). Mot. at 1. Defendant Number 36's Statement of Consent indicates its agreement to entry of the Consent Final Judgment and Permanent Injunction. *See generally* ECF No. 116-2.

Good cause appearing, the Court **GRANTS** the Motion.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. Defendant Number 36 – NAMO SHOP/FF HEALTH, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with it are hereby permanently restrained:

    a) from making, manufacturing or causing to be manufactured, importing, using, advertising or promoting, distributing, selling or offering to sell split end hair trimmer products (including split end hair trimmer products marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON") that infringe:

        i. U.S. Patent No. 6,588,108, issued July 8, 2003, for HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR (the "'108 Patent");

        ii. U.S. Patent No. 7,040,021, issued May 9, 2006, for HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR (the "'021 Patent"); or

        iii. U.S. Patent No. 9,587,811, issued May 9, 2006, for HAIR TRIMMING DEVICE (the "'811 Patent").

    b) from reproducing, distributing or transferring any existing split end hair trimmer packaging marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON" or from infringing any of the exclusive rights in 17 U.S.C. §106 with respect to Plaintiff's copyrighted packaging or from using Plaintiff's distinctive trade dress packaging on Defendant's packaging.

    c) from reproducing, distributing or transferring any existing split end hair trimmer manual marked "FASIZ," "HAIR TRIMMER," "UMATE" or "LESCOLTON" or from infringing any of the exclusive rights in 17

U.S.C. §106 with respect to Plaintiff's copyrighted manual, including reproducing, creating derivative works, displaying or distributing Plaintiff's manual;

d) from using Plaintiff's registered (*e.g.*, "Split-Ender") trademark or unregistered source identifying names (*e.g.*, TALAVERA) or short identifying short phrases (*e.g.*, "SNIPS THE ENDS, NOT THE LENGTH"), including use within website source code, on any webpage (including as the title of any web page), and any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Internet based e-commerce stores;

e) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any split end hair trimmer products, packaging or manuals that infringe Plaintiff's patents, trademarks or copyrights; or (ii) any books or records relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any split end hair trimmer products, packaging or manuals that infringe Plaintiff's patents, trademarks or copyrights.

2. Violation of this permanent injunction shall expose Defendant Number 36 – NAMO SHOP/FF HEALTH, and all others properly bound by it, to all applicable penalties, including for contempt of Court and an award of attorney fees.

3. This Consent Final Judgment shall be conclusive for purposes of collateral estoppel regarding all issues that have been or could have been brought on the same operative facts.

4. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment.

5. Amazon Payments, Inc. ("Amazon") shall return Defendant Number 36 – NAMO SHOP/FF HEALTH's account back to an unrestrained status, if not

already done, in accordance with Amazon's operating procedures and contract for services with Defendant Number 36 – NAMO SHOP/FF HEALTH.

**IT IS SO ORDERED.**

Dated: January 25, 2021

Hon. Janis L. Sammartino
United States District Judge