UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC., a Nevada corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD., a business entity; and THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT "1,"<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-CV-823 JLS (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(ECF No. 107) |

Presently before the Court is Plaintiff Talavera Hair Products, Inc.'s ("Plaintiff") Motion for Partial Summary Judgment against the only remaining non-defaulting defendant, Defendant Taizhou Yunsung Electrical Appliance Co., Ltd. ("Defendant") ("Mot.," ECF No. 107). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 108. Having carefully considered Plaintiff's arguments, the evidence, and the relevant law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion, as set forth below.

///

# BACKGROUND

"Plaintiff sells a unique and revolutionary patented product under the federally registered trademark Split-Ender® that quickly and easily trims split ends from hair." *See* ECF No. 1 ("Compl.") ¶ 13. "Plaintiff owns copyrights, trademark rights, and patent rights regarding its Split-Ender® product." *Id.* ¶ 16. On April 30, 2018, Plaintiff filed the instant litigation against Defendant and several other entities for copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.*; unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement pursuant to 15 U.S.C. § 1114; and infringement of Plaintiff's U.S. Patents Nos. 6,588,108, 7,040,021, and 9,587,811 pursuant to 35 U.S.C. § 271(a). *See generally* Compl. On April 19, 2019, Defendant filed an answer to the Complaint. *See generally* ECF No. 66. The remaining defendants defaulted. *See generally* Docket.

On May 3, 2018, Plaintiff filed an ex parte application for a temporary restraining order ("TRO"), *see* ECF No. 9, which the Court granted on May 10, 2018, *see* ECF No. 10. On March 16, 2020, Plaintiff moved for default and/or summary judgment against the defaulted defendants, *see* ECF No. 98, which motion subsequently was refiled and is currently pending, *see* ECF No. 111 ("Mot. for Default J."). On July 17, 2020, Plaintiff filed the present Motion. *See generally* ECF No. 107. Defendant did not file an opposition.

# LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the

///

evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* When a plaintiff seeks summary judgment as to an element for which it bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). "This is true, even when the party against whom the motion for summary judgment is directed has not filed any opposition." *Cristobal v. Siegel*, 26 F.3d 1488, 1495 (9th Cir. 1994) (citing *Sheet Metal Workers' Int'l Ass'n. v. Nat'l Labor Relations Bd.*, 716 F.2d 1249, 1254 (9th Cir. 1983). "[W]here no evidence is presented in opposition to the motion, summary judgment should not be granted if the evidence in support of the motion is insufficient." *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir. 1981) (citations omitted).

## ANALYSIS

Plaintiff incorporates by reference the evidence in support of its Motion for Default Judgment and "seeks partial summary judgment against [D]efendant" as to the following issues:

1. "The product packaging in issue infringes plaintiff's registered copyright";
2. "The owner's manuals in issue infringe plaintiff's registered copyright";
3. "The product packaging in issue infringes plaintiff's trademark rights";
4. "The products in issue infringe plaintiff's patent rights";
5. "The products in issue were sold on Amazon.com and eBay.com by the 41 Defaulted Defendants"; and

///

6. "[Defendant] owns trademark registrations for the mark 'FASIZ' in many different countries (including the United States and Brazil)."

Mot. at 1; *see also* ECF No. 107-1 ("Mot. Mem.") at 2. The Court will address the fifth issue in ruling on the separately briefed and pending Motion for Default Judgment. Moreover, the Court will leave the matter of whether Defendant was the manufacturer or source of any of the infringing products sold on Amazon.com or eBay to be resolved at trial, as Plaintiff has not come forward with evidence on this issue.[1]

The Court will now address each remaining issue in turn.

## I. Copyright Infringement

"In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007).

A copyright registration is "prima facie evidence of the validity of the copyright and the facts stated in the certificate." 17 U.S.C. § 410(c); s*ee also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989). To establish copying, the plaintiff must show either: "(1) the two works in question are substantially similar and the defendant had access to the subject work; or (2) that the works are strikingly similar." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019) (citations omitted). "In assessing whether particular works are substantially similar, or strikingly similar, this Circuit applies a two-part analysis: the extrinsic test and the intrinsic test." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017). "The extrinsic test requires plaintiffs to show overlap of concrete elements based on objective criteria, while the intrinsic test is subjective and asks whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." *Id.* (internal quotation marks and

---

[1] Indeed, in its Motion, Plaintiff notes that, if partial summary judgment is granted, the trial on each of its claims "will focus on whether [D]efendant . . . was the manufacturer or source of the infringing [products]." Mot. Mem. at 3, 5–6, 9.

citations omitted). On a motion for summary judgment, both parts are satisfied, and summary judgment in favor of the plaintiff is proper, where the "works are so overwhelmingly identical that the possibility of independent creation is precluded." *Twentieth Century Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1989).

### A. Packaging

Plaintiff seeks partial summary judgment that the product packaging at issue infringes Plaintiff's registered copyright for its packaging. *See* Mot. Mem. at 3–4. Plaintiff owns a registered copyright for its packaging for the Split-Ender product, VA 2e-092-823, registered on February 5, 2018. *See* Compl. Ex. 2 (ECF No. 1-4); Statement of Undisputed Facts ("SOF," ECF No. 107-14) at 1. In the absence of any opposition from any defendant, Plaintiff's evidence is sufficient to create a presumption of validity.

Because Plaintiff did not provide evidence of access, the Court solely will analyze whether the works are strikingly similar as a matter of law. *See generally* Mot. Mem. Here, the works are "so overwhelmingly identical that the possibility of independent creation is precluded." *Twentieth Century Fox Film Corp.*, 715 F.2d at 1330. Plaintiff's copyrighted product packaging and the FASIZ, LESCOLTON, UMATE, and HAIR TRIMMER marked packaging are virtually identical and word-for-word, aside from the omission of Plaintiff's patent and copyright notices on the latter. *See* Mot. for Default J. Exs. A & B (ECF Nos. 111-4 & 111-5) (comparing Plaintiff's product packaging with the FASIZ, LESCOLTON, UMATE, and HAIR TRIMMER marked packaging); *see also* Mot. Mem. at 3–4; SOF at 1–2. Therefore, the Court finds that Plaintiff has satisfied its burden in proving that the packaging at issue infringes Plaintiff's copyright as a matter of law.

### B. Manuals

Plaintiff also seeks partial summary judgment that the user manuals at issue infringe Plaintiff's registered copyright for its manual. *See* Mot. Mem. at 4–6. Plaintiff owns a registered copyright for its manual for the Split-Ender product, VA 2-093-290, registered on February 5, 2018. *See* Compl. Ex. 3 (ECF No. 1-5). Again, in the absence of any
///

opposition from any defendant, Plaintiff's evidence is sufficient to create a presumption of validity.

Similar to the infringing product packaging, the text in Plaintiff's copyrighted manual is nearly identical to that found in the FASIZ, LESCOLTON, UMATE, and HAIR TRIMMER marked manuals, aside from the omission of Plaintiff's trademark, copyright, and patent notices in the latter. *Compare* Compl. Ex. 3 (ECF No. 1-5) *with* Compl. Exs. 10–13 (ECF Nos. 1-12–15); *see also* Mot. Mem. at 4–5; SOF at 2–4. Because Plaintiff's manual and the FASIZ, LESCOLTON, UMATE, and HAIR TRIMMER marked manuals are so "overwhelmingly identical," the Court finds that the manuals at issue infringe Plaintiff's registered copyright as a matter of law.

Accordingly, the Court **GRANTS** partial summary judgment in favor of Plaintiff on Plaintiff's first cause of action for copyright infringement. There is no genuine issue of material fact that the product packaging and owner manuals at issue infringe Plaintiff's registered copyrights.

**II.    Trade Dress Infringement**

"[T]he Lanham Act, in § 43(a), gives a producer a cause of action for the use by any person of 'any word, term, name, symbol, or device, or any combination thereof . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her goods . . . .'" *Wal–Mart Stores, Inc. v. Samara Bros*., 529 U.S. 205, 209 (2000) (citing 15 U.S.C. §1125(a)). Trade dress is "the 'total image of a product,' including features such as size, shape, color, texture, and graphics." *Millennium Labs., Inc. v. Ameritox*, Ltd., 817 F.3d 1123, 1126 (9th Cir. 2016) (quoting *Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1005 n.3 (9th Cir. 1998)). For a trade dress infringement claim, the plaintiff must prove that: "(1) the trade dress is inherently distinctive or has acquired distinctiveness through secondary meaning; (2) there is a likelihood that the public will be confused by the infringing use; and (3) the trade dress is nonfunctional." *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 828 (9th Cir. 1997) (citation omitted).

///

Plaintiff seeks partial summary judgment that the product packaging at issue infringes Plaintiff's trade dress in violation of 15 U.S.C. §1125(a). *See* Mot. Mem. at 6–9. Plaintiff owns the stylized incontestable trademark, Trademark Reg. No. 2,645923, for SPLIT-ENDER for "[e]lectric and battery-operated hair trimmers for the removal of split and damaged hair ends; scissors, razors and electric shavers" in International Class 008. *See* Compl. ¶ 56(a); *see also id.* Ex. 4 (ECF No. 1-6). Plaintiff also owns the word mark SPLIT-ENDER, Registration No. 5535584, for "[e]lectric and battery-powered hair trimmers" in International Class 008. *Id.* ¶ 56(b).[2] The Court is unaware of any trademark registration for Plaintiff's product packaging with the USPTO. *See generally* Compl.; Mot. Mem.

### A. Inherent Distinctiveness

"For trade dress to be protected it must serve to identify the source of a product either through the inherently distinct nature of the trade dress, or because the trade dress has secondary meaning." *KRBL Ltd. v. Overseas Food Distribution*, LLC, No. CV 16-2431 PA (GJSX), 2016 WL 3748660, at *4 (C.D. Cal. May 26, 2016) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001)). "[A] mark is inherently distinctive if '[its] intrinsic nature serves to identify a particular source.'" *Wal-mart Stores*, 529 U.S. at 210 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992)). To determine whether trade dress for product packaging is inherently distinctive, the Ninth Circuit applies the "*Seabrook* test," which asks whether: "(1) the design or shape is a common, basic shape or design; (2) it was unique or unusual in a particular field; and (3)

---

[2] At the time of the filing of the Complaint, Plaintiff owned Trademark Application Ser. No. 87746962, but the Court takes judicial notice of the fact that the mark has since issued. *See* https://tsdr.uspto.gov/#caseNumber=87746962&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch; *see also In re Ex Parte Application of Jommi*, No. C 13-80212 CRB (EDL), 2013 WL 6058201, at *2 (N.D. Cal. Nov. 15, 2013) ("A court may take judicial notice of public records of governmental entities and authoritative sources of foreign law, including information posted on government websites . . . .") (citing *Stevens v. Nkwo–Okere,* Case No. 13–1974 HRL, 2013 U.S. Dist. LEXIS 122172, at *5 n.3 (Aug. 27, 2013); *Sears v. Cnty. of Monterey,* Case No. 11–1876 LHK, 2013 U.S. Dist. LEXIS 120401, at *12 (N.D. Cal. Aug. 22, 2013)).

it was a mere refinement of a commonly-adopted and well-known form of ornamentation for a particular class of goods which consumers view as mere ornamentation." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1004 (C.D. Cal. 2011) (quoting 1 McCarthy on Trademarks and Unfair Competition § 8:13 (4th ed. 2010)). The Ninth Circuit emphasizes that courts should "focus not on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create when assessing trade dress." *Clicks Billiards*, 251 F.3d at 1259.

  Plaintiff bears the burden of proving distinctiveness as an element of its trade dress claim. *See Seirus Innovative Accessories, Inc. v. Gordini U.S.A. Inc.*, 849 F. Supp. 2d 963, 986 (S.D. Cal. 2012). Plaintiff contends that its product packaging is inherently distinctive trade dress but fails to acknowledge, much less apply, the "*Seabrook* test." *See* Mot. Mem. at 6–7. Plaintiff asserts, without elaboration, that the "combination of text, images, color and source identifying phrases" is inherently distinctive. *See* Mot. Mem. at 7; *see also* SOF at 4. Plaintiff also provides a declaration of Victor Talavera, its president, stating that "Plaintiff's trade dress packaging is an inherently distinctive combination of text, images, color and source identifying phrases" and that "Plaintiff's copyrights in its packaging and patents on its product help assure the distinctiveness and strength of its trade dress packaging." *See* Declaration of Victor Talavera ("Talavera Decl.," ECF No. 111-3) ¶ 7.

  Plaintiff's product packaging consists of the following: a black, tan, and white color scheme; the stylized word mark SPLIT-ENDER PRO in a tan color; the short phrase "SNIPS THE ENDS, NOT THE LENGTH" in a lighter tan color; a large photo of the Split-Ender Pro product; "TALAVERA" in gold with a circle around it; and a photograph of a woman with long hair. *See* Mot. for Default J. Exs. A & B (ECF Nos. 111-4 & 111-5). The packaging and arrangement of the elements as a whole seem to merely describe the product, a hair tool, rather than the source, Talavera Hair Products, Inc. In addition, Plaintiff fails to provide evidence that such packaging is at all unique in the hair tools industry. *See Solofill, LLC v. Rivera*, No. CV1702956SJOAJWX, 2018 WL 6038287, at *3 (C.D. Cal. Aug. 3, 2018) ("Plaintiff provides a laundry list of elements which it claims

compose its trade dress, yet these elements are, for the most part, entirely functional or generic and, even in combination, are not 'so unique, unusual or unexpected' as to create a clear presumption of origin.").

Taking into account the various product packaging features such as the product description, product name, slogan, and photographs as a whole, Plaintiff is still left with "a fairly routine color scheme, graphic layout, and choice of font." *Spark Indus., LLC v. Kretek Int'l, Inc.*, No. CV 14-5726-GW ASX, 2014 WL 4365736, at *8 (C.D. Cal. Aug. 28, 2014) ("[E]ven including features that 'assist in describing the product [and] its effective packaging'–like product shape, cartomizer display, and product descriptions– [plaintiff] is left with a fairly routine color scheme, graphic layout, and choice of font."). Further, "the mere presence of a registered trademark as a component of the trade dress [does not] render the broader trade dress inherently distinctive." *Solofill*, 2018 WL 6038287, at *3. Here, based on the evidence presented by Plaintiff, Plaintiff's product packaging is "not the sort of arbitrary or uncommon trade dress that would qualify as inherently distinctive." *Lanard Toys Ltd. v. Novelty, Inc.*, No. CV 05-8406CAS(JJX), 2007 WL 2439505, at *11 (C.D. Cal. Mar. 17, 2006) (holding that the product packaging for toys, "including the [plaintiff's] choice of colors, the placement of illustrations, product name, and text on the packaging, the illustrations themselves, and the use of instructions balloons[,]" was not inherently distinctive.).

Therefore, the Court finds that Plaintiff has failed to meet its burden in proving that its trade dress is inherently distinctive as a matter of law.

### B.     Acquired Distinctiveness

"[A] mark has acquired distinctiveness, even if it is not inherently distinctive, if it has developed secondary meaning.'" *Clicks Billiards*, 251 F.3d at 1262. "The trade dress of a product or service attains secondary meaning when the purchasing public associates the dress with a particular source." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 843 (9th Cir. 1987) (citing *First Brands Corp. v. Fred Meyer, Inc.*, 809 F.2d 1378, / / /

1383 (9th Cir. 1987)). "Whether a particular trade dress has acquired secondary meaning is a question of fact." *First Brands*, 908 F.2d at 1383.

      A plaintiff can prove its trade dress has acquired distinctiveness through direct evidence such as consumer surveys, or circumstantially through "exclusivity, manner, and length of use of a mark; amount and manner of advertising, amount of sales and number of customers, established place in the market, and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'n, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999). In the Ninth Circuit, "deliberate copying may suffice to support an inference of secondary meaning," in certain circumstances. *Fuddruckers,* 826 F.2d at 844. "The rule derives from the assumption that a defendant would not copy a mark or design unless it (1) believed the mark or design had attained secondary meaning in the minds of consumers, and (2) intended to exploit this secondary meaning to deceive consumers." *Cont'l Lab. Prod., Inc. v. Medax Int'l, Inc.*, 114 F. Supp. 2d 992, 1008 (S.D. Cal. 2000) (citations omitted).

      Here, Plaintiff fails to provide any direct evidence of acquired distinctiveness or any circumstantial evidence pertaining to the exclusivity, manner, and length of use of its trade dress in its Motion or supporting evidence. *See generally* Mot. Mem.; Mot. for Default J.; Compl. Regarding advertising, Plaintiff provides the following facts in its Complaint, although Plaintiff makes no arguments in its Motion premised on these facts: Plaintiff expends significant monetary resources on Internet marketing and consumer education, including search engine optimization strategies; since at least 2003, Plaintiff's Split-Ender product was advertised on television in the United States and many countries throughout the world through distributors; Plaintiff's and third parties' numerous videos regarding Plaintiff's Split-Ender product posted on the Internet, including Facebook and YouTube, have 40 million views; and Plaintiff spends thousands or tens of thousands of dollars a month on trade shows around the world. Compl. ¶¶ 60–61. However, evidence of advertisements and promotional activities pertaining generally to a *product* does not demonstrate that its *packaging* has acquired distinctiveness. *See Walker & Zanger, Inc. v.*

*Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1180 (N.D. Cal. 2007) ("[A]dvertising must direct the consumer to those features claimed as trade dress; merely 'featuring' the relevant aspect of the product does not suffice."); *First Brands*, 809 F.2d at 1383 ("[P]romotional activities must involve 'image advertising,' that is, the ads must feature in some way the trade dress itself. Otherwise, even evidence of extensive advertising or other promotional efforts would not necessarily indicate that prospective buyers would associate the trade dress with a particular source.") (citations omitted); *see also Carter-Wallace, Inc. v. Procter & Gamble Co.*, 434 F.2d 794, 800 (9th Cir. 1970) (upholding the district court's finding that the plaintiff's "advertising campaign ha[d] not stressed the color and shape of [plaintiff's] antifreeze jug so as to support an inference of secondary meaning"). Finally, regarding sales, although Plaintiff states it has sold goods all over the United States and many countries since at least 2003, *see, e.g.*, Compl. ¶¶ 15, 61(c), and provides the price at which its product was previously and is currently sold, *see* Talavara Decl. ¶¶ 18–19, Plaintiff has failed to provide evidence of actual sales numbers or use of its alleged trade dress associated with any of these sales. *See generally* Mot. Mem.; Mot. for Default J.; Compl.

Rather, Plaintiff contends that Defendant's allegedly intentional copying proves that Plaintiff's trade dress has acquired distinctiveness. *See* Mot. Mem. at 8–9; Compl. ¶ 65(g). However, because the allegedly infringing packaging prominently displays the marks FASIZ, UMATE, LESCOLOTON, and HAIR TRIMMER, any inference of acquired distinctiveness by Defendant's copying is diminished. *See Spark Indus.*, 2014 WL 4365736, at *11 ("[C]ourts have held that prominent display of defendant's mark refutes an inference that the defendant copied the plaintiff's trade dress in order to capitalize on its secondary meaning."). In addition, rather than providing direct evidence of intentional copying, Plaintiff contends that the near word-for-word copying on the package, as well as the placement of text, images, and identical slogans as a whole, provides circumstantial evidence of intentional copying. *See* Talavera Decl. ¶¶ 9–11. Plaintiff also relies on *Uniden Corp. of Am. v. Unipacific Corp.*, No. 83-2792, 1983 WL 44363 (C.D. Cal. Aug.

2, 1983), where the court found that the plaintiff's trade dress had acquired distinctiveness through evidence of deliberate and close copying, plaintiff's extensive advertising featuring the trade dress, and plaintiff's "tremendous sales." Mot. Mem. at 8 (citing *Uniden Corp. of Am.*, 1983 WL 44363, at *7). Unlike *Uniden*, however, Plaintiff fails to provide evidence of any advertising featuring its packaging or concrete evidence of sales and instead solely relies on circumstantial evidence of intentional copying. Therefore, the Court finds, on the evidence presently before it, that Plaintiff has not met its burden in establishing that its trade dress has acquired distinctiveness.

Because Plaintiff has not proven as a matter of law that the product packaging is protectable trade dress, the Court will not proceed to analyze whether the packaging is non-functional or whether there is a likelihood of confusion with the allegedly infringing trade dress. Rather, the Court **DENIES** Plaintiff's request for partial summary judgment as to trade dress infringement.

### III. Patent Infringement

Regarding direct infringement, the Patent Act provides: "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). An "issued patent carries with it a presumption of validity under 35 U.S.C. § 282." *Tinnus Enters. LLC. v. Telebrands Corp.*, 846 F.3d 1190, 1205 (Fed. Cir. 2017).

#### A. *Validity of the Patents*

Plaintiff owns the following patents for its Split-Ender® product: U.S. Patent No. 6,588,108, issued July 8, 2003, titled "HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR" (the "'108 Patent"); U.S. Patent No. 7,040,021, issued May 9, 2006, titled "HAIR TRIMMING DEVICE WITH REMOVABLY MOUNTABLE COMPONENTS FOR REMOVAL OF SPLIT ENDS AND STYLING OF HAIR" (the "'021 Patent"); and U.S. Patent No. 9,587,811, issued May 9, 2006, titled "HAIR

TRIMMING DEVICE" (the "'811 Patent"). *See* Compl. Ex. 5 (ECF No. 1-7); *see also* SOF at 5. Here, no defendant has raised a challenge to the validity of the patent, and consequently, the Court concludes as a matter of law that Plaintiff's unexpired '108, '021, and '811 Patents are valid and enforceable.

### B.  *Infringement*

"Determining patent infringement requires that the court determine whether someone (1) without authority (2) makes, uses, offers to sell, sells, or imports (3) the patented invention (4) within the United States, its territories, or its possessions (5) during the term of the patent." *Van Well Nursery, Inc. v. Mony Life Ins. Co.*, 421 F. Supp. 2d 1321, 1334 (E.D. Wash. 2006) (citing 35 U.S.C. § 271(a); *Cyrix Corp. v. Intel Corp.*, 77 F.3d 1381 (Fed. Cir. 1996)).

Plaintiff alleges that the "FASIZ, LESCOLTON, UMATE and HAIR TRIMMER marked electric hair trimmers are the same in all material respects," and "only the product name, color and/or design on handle grip (lines or dots) differ between the infringing devices." Compl. ¶ 81. Plaintiff provides the Declaration of Patent Expert Ben Esplin ("Esplin Decl.," ECF No. 111-12), supported by separate detailed infringement charts for Plaintiff's '108, '021, and '811 Patents that set forth the text of the patent claim compared with annotated images of the allegedly infringing products, *see id.* Exs. 2–13.

After thorough review of the evidence provided, the Court concludes that Plaintiff has sustained its burden in proving that the FASIZ, LESCOLTON, UMATE and HAIR TRIMMER marked products each infringe Plaintiff's '021, '108, and '811 Patents. Accordingly, the Court **GRANTS** partial summary judgment in favor of Plaintiff on Plaintiff's fourth cause of action for patent infringement. There is no genuine issue of material fact that the FASIZ, LESCOLTON, UMATE and HAIR TRIMMER marked products infringe Plaintiff's patents.

### IV.  Defendant's Trademark Registration "FASIZ"

Finally, Defendant asks the Court to grant partial summary judgment that Defendant owns trademark registrations for the mark "FASIZ." Mot. Mem. at 11. It is undisputed

that Plaintiff owns registered trademarks in the mark "FASIZ." *See* Mot. Mem. Exs. 6–10 (ECF Nos. 107-6–10) (showing that Defendant has protection for the mark "FASIZ" in, *inter alia*, Australia, Belarus, Brazil, China, Colombia, the European Union, Japan, Korea, New Zealand, Russia, Singapore, Ukraine, the United Kingdom, and the United States).[3] Therefore, the Court **GRANTS** partial summary judgment that Defendant owns trademark registrations for the mark "FASIZ" in, *inter alia*, the United States and Brazil.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment (ECF No. 107) as to copyright infringement and patent infringement. The Court **DENIES** Plaintiff's Motion as to trade dress infringement. Finally, the Court **GRANTS** Plaintiff's Motion as to Defendant's ownership of trademark registrations for the mark "FASIZ."

**IT IS SO ORDERED.**

Dated: March 4, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[3] Again, "[a] court may take judicial notice of public records of governmental entities and authoritative sources of foreign law, including information posted on government websites, and may also take notice of undisputed information on a private entity's website." *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *2. Accordingly, in the absence of any objection from Defendant as to the authenticity of these trademark registrations, the Court takes judicial notice of these records.