Darren J. Quinn (149679)
LAW OFFICES OF DARREN J. QUINN
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Tel: (858) 509-9401

Jonah A. Grossbardt (283584)
SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP PLLC
1801 Century Park East, Suite 1100
Los Angeles, CA 90067-2313
Tel: (323) 364-6565

*Attorneys for Plaintiff Talavera Hair Products, Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

TALAVERA HAIR PRODUCTS, INC., a Nevada corporation,

Plaintiff,

v.

TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD., a business entity, and THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT "1",

Defendants.

CASE NO. **18-cv-00823-BAS-JLB**

**DECLARATION OF VICTOR TALAVERA IN SUPPORT OF MONETARY RELIEF AGAINST DEFAULTED DEFENDANTS**

Judge: Janis L. Sammartino
Date: October 14, 2021
Time: 1:30 p.m.
Courtroom: 4D
Edward J. Schwartz U.S. Courthouse
221 West Broadway
San Diego, CA 92101

I, VICTOR TALAVERA, declare:

1. I am the President of Plaintiff TALAVERA HAIR PRODUCTS, INC. ("TALAVERA" or Plaintiff). I make this declaration in support of Plaintiff's motion for default judgment and/or summary judgment against Defaulted Defendants set forth below:

| ***Defendant No.*** | ***Seller ID*** | ***Proof of Service of Summons*** | ***Default Request*** | ***Default Entered*** |
|---|---|---|---|---|
| 3 | allforyoushopper.usa | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 4 | ANIMON | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 5 | anothercloud | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 6 | Aosend | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 7 | AoStyle | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 8 | AuPolus | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 11 | Beisirui Hair Store | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 12 | Cai ming zhil | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 14 | Ciao Fashion | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 19 | Enjoy&Life | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 20 | Fosen Man | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 22 | Georgy's Store | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 24 | Hairsmile | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 26 | Judi Shop | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 27 | Kosmasl | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 31 | Lanmpu Creative | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 32 | MKLOPED | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 34 | Mokshee Mokshee/Donop | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 35 | MyBeautyCC | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 37 | NewPollar | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 39 | Olungts US | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 40 | Puck Du/SmartGo | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 41 | PUTOS | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 44 | SunNatural/SunNature | Dkt. 25 | Dkt. 63 | Dkt. 65 |

| | | | | |
|---|---|---|---|---|
| 45 | Turritopsis nutricula | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 46 | Ukliss Beauty | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 47 | Wsduos | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 48 | Yara-Yarn | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 51 | Noledo | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 52 | nantongaotaiguoji Trading Co Ltd | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 53 | Beskol | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 54 | Chunhet | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 55 | Funny Fala | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 56 | Huixin Economic | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 57 | NeSexy | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 58 | Samantha Bowen | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 60 | Vanylihair | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 61 | YokEnjoy | Dkt. 60 | Dkt. 63 | Dkt. 65 |
| 75 | BEAUTYDESIGN | Dkt. 25 | Dkt. 63 | Dkt. 65 |
| 78 | S*SHOME | Dkt. 25 | Dkt. 63 | Dkt. 65 |

Plaintiff's Market And Damages

2. Plaintiff's patented split-end hair trimmer on the market was the first and only product on the market to quickly and easily cut split-end hairs. There were and are no acceptable non-infringing alternatives.

3. Plaintiff's genuine Split-Ender Pro product is sold in many places, including Amazon and eBay.

4. Defaulted Defendants have sold their infringing products on Amazon and eBay and competed directly with Plaintiff's genuine products Plaintiff should not have any competition from Defaulted Defendants because Plaintiff never authorized Defaulted Defendants to use Plaintiff's copyrights, trade dress and patents.

5. Plaintiff has suffered price erosion as a result of Defaulted Defendants' infringement on Amazon and eBay. From at least 2014 to 2016, Plaintiff's authentic Split-Ender Pro product was sold for about $249.99 ***plus shipping***. Attached as **Exhibit A** is a screen shot from Plaintiff's website on December 29, 2016 showing the $249.99 price.

6. Because, in substantial part, of Defaulted Defendants' infringing items, Plaintiff's authentic Split-Ender Pro product now sells on Amazon for $195.99 ***including shipping***. Attached as **Exhibit B** is a screen shot from Plaintiff's website on March 16, 2020 showing the current $195.99 price.

7. For the purpose of final judgment against the Defaulted Defendants only, Plaintiff's cost to manufacture and transport each authentic product is about $15. The exact breakdown is shown on documents concurrently filed under seal because it is highly confidential information that would cause harm to Plaintiff if publicly disclosed. Plaintiff's suppliers and exact prices paid are trade secrets that cannot be publicly disclosed.

8. Plaintiff lost at least two major business opportunities because of the infringement on the Internet, especially by Amazon.com.

a. Plaintiff was negotiating with Sally Beauty Supply (over 3,000 stores) and also with Salon Centric (about 750 stores) representing a total of about 3,750 brick and mortar stores.

b. Plaintiff estimated that each store would sell 10 units per store per month which represents sales of 37,500 units per month to those brick and mortar stores;

c. Plaintiff estimates it would have sold 37,500 units per month for at least the eleven month period from June 2017 to May, 2018 representing a total of 412,500 units.

d. Plaintiff's estimated profit per unit of about $110 per unit based upon a $125/unit wholesale price and plaintiff's $15/unit cost.

e. Negotiations fell through because Plaintiff's wholesale price of $125 per unit was higher than the $75 average retail price of the Defaulted Defendants selling on Amazon and eBay.

f. I calculate plaintiff's lost profit damages from lost opportunities from these 3,750 brick and mortar stores would be $45,375,000 (3,750 store X 10 units/month X 11 months X $110 profit/unit).

9. Plaintiff also believes that negotiation with Conair and Babyliss to distribute Plaintiff's Split-Ender® product ended as a result of infringing copies on the Internet, including Amazon.

10. With respect to the Defaulted Defendants, Plaintiff is seeking a final judgment against them in proportion to what Amazon or eBay records indicate they sold.

a. For all Defaulted Defendants (except No. 75 BEAUTYDESIGN and No. 78 S*SHOME), records provided by Amazon show those Defaulted Defendants collectively sold **88,406 units** for **$6,606,245.94**.

b. For Defaulted Defendant No. 75 BEAUTYDESIGN, an eBay screen shot dated March 21, 2018 shows that Defaulted Defendant sold 16 units and had four available, so it is likely 20 infringing units were sold at $84.89/unit. A true and correct copy of that eBay notice with screen shot is attached as **Exhibit C** hereto.

c. For Defaulted Defendant No. 78 S*SHOME, an eBay screen shot attached to a March 2, 2018 notice to eBay shows that Defaulted Defendant had 28 units available, so it is likely 28 infringing unites were sold at the "Buy it Now" price of $36.99/unit. A true and correct copy of that eBay screen shot is attached as **Exhibit D** hereto.

11. Plaintiff had the manufacturing marketing capacity to produce the 88,406 units sold by the 40 Defaulted Defendants on Amazon and eBay.

12. It is difficult to provide evidence that a customer's decision to purchase the Defaulted Defendants' products was X% based on the product's functionality rather than its packaging such that the remaining Y% of the Defaulted Defendants' sales would be apportioned to the copyright or trademark infringement claims.

a. Based on my experience in selling authentic products, the functionality of the product is interrelated to the copyrighted packaging and manuals that include Plaintiff's trademarks.

b. Probably close to 100% of the customers buy Plaintiff's patented split end trimmer product because it is the best way to cut split end hairs on the market.

c. Customers, however, are attracted to and base their purchases on the text in the copyrighted packaging that shows the product and describes its functionality. I estimate that probably close to 80-100% of the customers buy the patented product as a result of the copyrighted packaging and manuals. For example, if just a photo of the product and the price was displayed without the copyrighted text in the packaging or manual, I doubt that many customers would buy the product. Additionally, because the patented product is so unique, the copyrighted manual is essential to close the sale. No customer would buy this patented product if it did not included the copyrighted manual because of the customer's fear that the patented product would ruin the customer's hair.

<u>Irreparable Harm To Plaintiff</u>

13. I request that a permanent injunction be entered against the Defaulted Defendants.

14. Plaintiff will suffer irreparable damage to its reputation if Defaulted Defendants can resume their infringements.

a. Defaulted Defendants' infringing packaging and infringing manuals contain many typographical errors that damage Plaintiff's reputation.

b. Plaintiff has inspected Defaulted Defendant' infringing products and views them to be of inferior quality to Plaintiff's authentic products.

c. When Defaulted Defendant's products fail, Plaintiff's reputation is damaged because of the perception that Plaintiff's products would also fail.

d. When Defaulted Defendants' products work, Plaintiff's reputation is damaged because of the perception that Plaintiff's product is overpriced. Plaintiff's reputation is irreparably damaged either way.

15. Plaintiff stands to lose its entire business (or at least experience further price erosion, loss of business opportunities and reputation) if Defaulted Defendants can resume sale of cheaper infringing products.

16. Plaintiff's patents and copyrights give it the exclusive right to make, use and sell Plaintiff's split-end hair trimmer, so Plaintiff should have 100% market share. Plaintiff suffers irreparable harm if it cannot enforce its rights to exclude under its patents and registered copyrights.

17. Plaintiff's legal remedies are inadequate. Any judgment against the Default Defendants is likely effectively uncollectible against the Defaulted Defendants in China. As a practical matter, Plaintiff will only recover the monies frozen by Amazon pursuant to the TRO [Dkt 10] with respect to the Defaulted Defendants.

18. Additionally, the remedy of a DMCA take down notice is completely inadequate. In my experience, infringers are now filing false DMCA counter notices in response to DMCA take down notices. As a result, the material

infringing my copyrights is re-posted unless I file new lawsuits in federal district court (typically in Delaware).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 8th day of September, 2021 at Mayaguez, Puerto Rico.

VICTOR TALAVERA