# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC., <br><br>Plaintiff, <br><br>v. <br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD. et al., <br><br>Defendants. | Case No.: 18-cv-00823-RBM-JLB <br><br>**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br>[Doc. 122] |

On September 8, 2021, Plaintiff Talavera Hair Products, Inc. ("Plaintiff") filed a motion to file under seal documents in support of Plaintiff's motion for monetary and injunctive relief against the Defaulted Defendants. (Doc. 122.) For the reasons discussed below, Plaintiff's motion is **GRANTED**.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption

of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

The "compelling reasons" standard is generally satisfied if the moving party can show that the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Compelling reasons may exist if sealing is required to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "[A] trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *GPNE Corp. v. Apple Inc.*, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 269(c)(1)(G)). Additionally, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the "parties have been able to point to concrete factual

information" to justify sealing. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016) (collecting cases).

## II.   DISCUSSION

Because the underlying motion for monetary and injunctive relief against the Defaulted Defendants is "more than tangentially related to the merits of the case," the "compelling reasons" standard applies to the instant motion. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Plaintiff seeks to seal: (1) the Confidential Declaration of Victor Talavera in Support of Monetary Relief Against Defaulted Defendants (the "Talavera Declaration"); and (2) an invoice and shipping document attached as Exhibit 1 to the Talavera Declaration. (*See* Docs. 122, 123.) Plaintiff argues that these documents contain financial and pricing information for its Split-Ender product. (*See* Doc. 123 at 2.) Plaintiff also argues that disclosure of the product and shipping cost breakdown of its patented Split-Ender product, along with public disclosure of the name and location of Plaintiff's suppliers, could cause Plaintiff competitive harm. (*Id*.) Plaintiff further argues that public disclosure of information regarding items not at issue in this lawsuit could harm Plaintiff's business. (*Id*.)

The Court finds compelling reasons to seal the documents subject to Plaintiff's motion. *See Quidel Corp. v. Siemens Med. Sols. USA, Inc.*, No. 16-CV-3059-BAS-AGS, 2020 WL 1062949, at *2 (S.D. Cal. Mar. 4, 2020) (applying compelling reasons standard to seal plaintiff's "confidential financial and pricing information"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, No. 15-CV-595-BAS-MDD, 2017 WL 1035730, at *3 (S.D. Cal. Mar. 17, 2017) (granting motion to seal documents containing defendant's "pricing and shipping information" where court found such information "could be improperly used" by competitors); *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (applying compelling reasons standard to seal party's confidential "sales and marketing data" where "public disclosure of this business information could result in improper use by Breg's competitors seeking to undercut Breg's

market position").

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's motion to seal. (Doc. 122.) The Court directs the Clerk of the Court to accept and **FILE UNDER SEAL** the lodged documents. (Doc. 123.)

**IT IS SO ORDERED.**

DATE:  May 23, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE