**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TALAVERA HAIR PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TAIZHOU YUNSUNG ELECTRICAL APPLIANCE CO., LTD. et al.,<br><br>Defendants. | Case No.: 3:18-cv-00823-RBM-JLB<br><br>**ORDER DENYING RENEWED MOTION FOR PERMANENT INJUNCTION AFTER JURY TRIAL WITHOUT PREJUDICE**<br><br>**[Doc. 163]** |

Pending before the Court is Plaintiff Talavera Hair Products, Inc.'s ("Plaintiff") renewed motion for permanent injunction after jury trial ("Renewed Motion"). (Doc. 163-1.) The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, Plaintiff's Renewed Motion is **<u>DENIED WITHOUT PREJUDICE</u>**.

### I.   PROCEDURAL BACKGROUND

On April 30, 2018, Plaintiff filed this action against dozens of entities and individuals alleging: (1) copyright infringement pursuant to 17 U.S.C. §§ 101 *et seq.*; (2) unfair competition pursuant the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark infringement pursuant to 15 U.S.C. § 1114; and (4) infringement of Plaintiff's U.S. Patent Nos. 6,588,108, 7,040,021, and 9,587,811 (collectively, the "U.S. Patents") pursuant to 35

U.S.C. § 271(a).  (Doc. 1 ("Compl.") ¶¶ 40–84.)  Plaintiff alleged that Defendants, with "full knowledge of Plaintiff's copyrights, trademark rights and/or patent rights," (*id*. ¶ 20), "are promoting, advertising, distributing, selling, and/or offering for sale cheap copies of Plaintiff's Split-Ender® hair trimmers in interstate commerce that infringe Plaintiff's copyrights, trademark rights, and patent rights" on Amazon and/or eBay, (*id*. ¶ 21).

Plaintiff subsequently obtained a default judgment and permanent injunction against certain Defendants.  (*See* Docs. 134, 137.)  On January 9, 2023, Plaintiff and the sole remaining defendant, Taizhou Yungsung Electrical Appliance Co., Ltd. ("Taizhou"), appeared for a jury trial on Plaintiff's remaining claims against Taizhou.  (Doc. 147.)  On January 11, 2023, the jury found in favor of Plaintiff with respect to Plaintiff's patent and copyright claims against Taizhou.  (*See* Docs. 155, 156.)

On April 5, 2023, Plaintiff filed a motion for a permanent injunction.  (Doc. 161-1.)  In that motion, Plaintiff explained that "many third party Internet or phone app providers have declined to remove (or timely remove) infringing split end hair trimmer products, packaging and/or manuals" because "third parties could not easily understand whether the court empowered the third parties to remove infringing material." (*Id*. at 7.)[1]  Plaintiff's proposed permanent injunction contained sections titled "Internet Selling Platforms," "Internet Marketing/Advertising Sites," "Internet Hosting Service Providers," and "Internet Payment Providers" which "lists specific web sites where Plaintiff has seen infringing split end hair trimmer products, packaging and/or manuals." (*Id*. at 7–8.)

On June 27, 2023, this Court issued an Order finding that Plaintiff's proposed permanent injunction appeared broader than the relief Plaintiff sought in the Complaint and the issues presented at trial.  (Doc. 162 at 2.)  Specifically, this Court found Plaintiff's proposed permanent injunction overbroad because it stated that numerous, named third parties that were not parties to this lawsuit "may remove" any listing, display, and/or

---

[1] The Court cites the CM/ECF pagination unless otherwise noted.

advertising that violates the permanent injunction.  (*Id.* at 2–3.)² The Court denied Plaintiff's proposed permanent injunction without prejudice, explaining Plaintiff could refile the motion and "either narrow the scope of the proposed permanent injunction or provide the Court with authority for the broader relief sought." (*Id.* at 3.)

On July 27, 2023, Plaintiff filed the instant Renewed Motion. (Doc. 163-1.) In the Renewed Motion, Plaintiff explains the first paragraph of the proposed permanent injunction is based on the Prayer for Relief in the Complaint and the statutory language of Federal Rule of Civil Procedure 65(d)(2). (*Id.* at 6.; Doc. 163-4 ("Proposed Permanent Injunction After Jury Trial") at 4 ("Defendant and its officers, agents, representatives, servants, employees, and all other persons who are in active concert or participation therewith, are hereby…").)  Plaintiff states Paragraph 1(a) is a direct quote from the Prayer for Relief in the Complaint. (Doc. 163-1 at 6.)  Plaintiff explains Paragraphs 1(b), (c), and (f) concerning Defendant's secondary liability are supported by the jury's findings in the verdict form. (*Id.*; Doc. 155 ("Verdict Form") ¶¶ 10–13.)  Plaintiff states that Paragraphs 1(d) and (e) are direct quotes from the Prayer for Relief in the Complaint with one exception. (Doc. 163-1 at 6.)  That exception is the language "publicly displaying" based on the text of 17 U.S.C. § 106(5). (*Id.*)  Finally, Plaintiff explains Paragraph 1(g) cautions that non-parties, even if not specifically named, can be bound by the permanent injunction, but that this Court is not stating any specific non-party "shall be bound" by the injunction. (*Id.* at 6–7.)

## II.   LEGAL STANDARD

Under Rule 65(d)(2), an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." As the Supreme Court

---

² Plaintiff also failed to point to any instance where the third-party websites (other than Amazon.com and eBay.com) were mentioned before the jury.  (*Id.* at 3.)

has explained, this rule "derived from the commonlaw doctrine that a decree of injunction not only binds the part[y] defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control. In essence it is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945); *see also Consumer Fin. Prot. Bureau v. Howard L., P.C.*, 671 F. App'x 954, 955 (9th Cir. 2016) ("An injunction binds a non-party only if it has actual notice, and either abet[s] the [enjoined party] in violating the injunction, or is legally identified with the enjoined party[.]") (internal quotation marks and citations omitted).

In *Chase Nat. Bank v. City of Norwalk, Ohio*, the Supreme Court ruled that a district court clearly erred in granting an injunction that enjoined "all persons to whom notice of the order of injunction should come from taking any steps or action of any kind to cause the enforcement of the ouster in the state court." 291 U.S. 431, 436 (1934). The Supreme Court reasoned that the city alone was named as a defendant and while persons not technically agents or employees of the city "may be specifically enjoined from knowingly aiding a defendant in performing a prohibited act if their relation is that of associate or confederate," the injunction "assumed to make punishable as a contempt the conduct of persons who act independently and whose rights have not been adjudged according to law." *Id.* at 436–37.

### III.   DISCUSSION

The Court considers whether Paragraph 1(g) in Plaintiff's proposed permanent injunction is reasonable. Paragraph 1(g) reads as follows:

> The court cautions that non-parties to this litigation can be bound by this permanent injunction. The language "other persons who are in active concert or participation" in Fed. R. Civ. Proc. 65(d)(2) "not only binds the parties defendant but also those identified with them in interest, in 'privity' with them, represented by them or subject to their control." *Golden State Bottling Co. v. NLRB*, 414 U.S. 168, 179, 94 S. Ct. 414, 38 L. Ed. 2d 388 (1973) (*quoting Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S. Ct. 478, 89 L. Ed. 661 (1945). *See also Cal. Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468, 483 (9th Cir. 2022) (quoting

*Golden State Bottling Co.*). This injunction "automatically applies" to such non-parties "even if they are not expressly mentioned in the text of the order." *Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 414 U.S. App. D.C. 1, 9, 776 F.3d 1, 9 (2015).

The Court is not persuaded that Paragraph 1(g) is reasonable or necessary in light of the language in Paragraph 1 reflecting the statutory text from Rule 65(d)(2) concerning coverage of other persons who are in "active concert or participation" with Defendant. The admonition in Paragraph 1(g) directed at non-parties raises concerns and may cause confusion regarding whether it covers those who "act independently and whose rights have not been adjudged according to law." *See Chase Nat. Bank*, 291 U.S. at 436–37; *see also Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1395 (Fed. Cir. 1996) ("[T]he prohibition against entering an injunction against non-parties does not mean that non-parties may not be held in contempt of court for violating injunctions directed at others. Courts have carefully distinguished between entering an injunction against a non-party, which is forbidden, and holding a non-party in contempt for aiding and abetting in the violation of an injunction that has been entered against a party, which is permitted.").

As the Supreme Court explained in *Regal Knitwear Co.*, the common law doctrine underlying Rule 65(d)(2) is intended to prevent defendants from "nullify[ing] a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." 324 U.S. at 14. The rule is not intended to bind all individuals who may engage in similar conduct to Defendant, but rather those who receive actual notice of the injunction and aid and abet Defendant or are legally identified with Defendant. *See Consumer Fin. Prot. Bureau*, 671 F. App'x at 955. The Court has identified numerous permanent injunctions reflecting the "active concert or participation" statutory language from Rule 65(d)(2). *See e.g.*, *Mountz, Inc. v. Ne. Indus. Bolting & Torque, LLC.*, No. 3:15-CV-04538-JD, 2016 WL 6679548, at *1 (N.D. Cal. Nov. 14, 2016) (entering permanent injunction covering "[d]efendant, its officers, agents, servants, employees, and attorneys,

and those persons in active concert or participation with Defendant who receive actual notice of this Order by personal service or otherwise…"). However, the Court has identified no case where a district court ordered a permanent injunction with a similar admonition directed at non-parties to that requested here.

### IV. CONCLUSION

Accordingly, Plaintiff's Renewed Motion (Doc. 163-1) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile its Renewed Motion on or before **February 8, 2024**. If Plaintiff chooses to refile its motion for permanent injunction, Plaintiff must remove Paragraph 1(g) or provide the Court with authority for the broader relief sought in the instant Renewed Motion.

**IT IS SO ORDERED.**

DATE: January 8, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE